RICKER CLASSICAL INSTITUTE *vs.* INHABITANTS OF MAPLETON.

Aroostook.     Opinion September 12, 1906.

*Tuition.   Liability of Towns.   Action for Tuition May be Maintained by Schools.
R. S., c. 4, §§ 65, 66; c. 15, § 63.*

A school receiving pupils under the provisions of section 63, chapter 15, of the Revised Statutes, may maintain in its own name an action against the town in which such pupils reside with their parents or guardians, to recover tuition for such pupils.

While the aforesaid statute fails to specify the remedy that shall be employed to compel the performance by a town of its statutory duty, and does not prescribe whether an action may be brought in the name of the parent or guardian of the pupil, or of the school which such pupil attends, yet it is a familiar principle that whenever a statute gives a right, the party shall by consequence have an action to enforce it.

On report.   Judgment for plaintiff.

Action of assumpsit to recover tuition for three pupils living in the defendant town of Mapleton and attending Ricker Classical Institute, Houlton. Said pupils were attending said institute in accordance with the provisions of chapter 15, section 63, of the Revised Statutes. The declaration in the plaintiff's writ is as follows:

"For that the defendant, at said Houlton, on the day of the purchase of this writ, being indebted to the plaintiff in the sum of $55.50 according to the account annexed, in consideration thereof then and there promised the plaintiff to pay it said sum on demand.

Inhabitants of Mapleton to Ricker Classical Institute.        Dr.
1904

| | | |
|---|---|---|
| May 10 | To tuition of Lee Ferguson 3 terms 1903-4 at $22 per year | $22.00 |
| May 10 | To tuition of Orin Higgins 3 terms 1903-4 at $22 per year | $22.00 |
| May 10 | To tuition of John Jones 1 1-2 terms 1903-4 at $22 per year | $11.50 |
| | | $55.50 |

"For that said defendants from first day of September, 1903, to the thirtieth day of June, 1904, did not support and maintain a free high school, giving at least one four years' course of study, properly equipped and teaching such studies as are taught in secondary schools of standard grade in the state of Maine. And that one Lee Ferguson a youth then and there residing with his parents in said town of Mapleton was then and there prepared to pursue said four years' course of study, and did then and there lawfully gain entrance to said Ricker Classical Institute, a school of standard grade approved by the State Superintendent of public schools, by the permission of those having charge thereof, and did then and there attend and receive instruction in such studies as are taught in said secondary schools during three terms, namely, the fall term of 1903, the winter and spring terms of 1904. That the reasonable and ordinary tuition then and there charged in said school was twenty-two dollars ($22) per year, by reason and in consideration whereof said defendants became liable and promised the plaintiff to pay said plaintiff said sum of twenty-two dollars ($22.)

"For that said defendants from first day of September, 1903, to the thirtieth day of June, 1904, did not support and maintain a free high school, giving at least one four years' course of study, properly equipped and teaching such studies as are taught in secondary schools of standard grade in the state of Maine. And that one J. Orin Higgins a youth, was then and there residing with his parents in said town of Mapleton was then and there prepared so pursue said four years' course of study, and did then and there lawfully gain entrance to said Ricker Classical Institute, a school of standard grade approved by the State Superintendent of public schools by the permission of those having charge thereof, and did then and there attend and receive instruction in such studies as are taught in said secondary schools during three terms, namely, the fall term of 1903, the winter and spring terms of 1904. That the reasonable and ordinary tuition then and there charged in said school was twenty-two dollars ($22) per year, by reason and in consideration whereof said defendants became liable and promised the plaintiff to pay said plaintiff said sum of twenty-two dollars ($22).

"For that said defendants from first day of September, 1903, to the thirtieth day of June, 1904, did not support and maintain a free high school, giving at least one four years' course of study, properly equipped and teaching such studies as are taught in secondary schools of standard grade in the state of Maine. And that one John Jones a youth, then and there residing with his parents in said town of Mapleton was then and there prepared to pursue said four years' course of study, and did then and there lawfully gain entrance to said Ricker Classical Institute, a school of standard grade approved by the State Superintendent of public schools by the permission of those having charge thereof, and did then and there attend and receive instruction in such studies as are taught in said secondary schools during one and one half terms, namely, the fall term of 1903, and one half of the winter term of 1904. That the reasonable and ordinary tuition then and there charged in said school was twenty-two dollars ($22) per year, by reason and in consideration whereof said defendants became liable and promised the plaintiff to pay said plaintiff one half of said sum of twenty-two dollars ($22) to wit, $11.50.

"And also, for that the defendant at said Houlton, on the day of the purchase of this writ, being indebted to the plaintiff in another sum of $200.00 for so much money before that time had and received by the defendant to the plaintiff's use in consideration thereof then and there promised the plaintiff to pay it that sum on demand. This count is founded wholly upon the matters alleged in the preceding counts, and under it will be introduced the account above declared upon and no other matter."

Plea, the general issue. The evidence was taken out at the April term, 1906, of the Supreme Judicial Court, Aroostook County, and at the conclusion of the same it was agreed to report the cause to the Law Court "for decision upon the declaration, plea, and so much of the evidence as legally admissible," the Law Court "to determine the rights of the parties and render such judgment as the law and the evidence require."

The case appears in the opinion.

*Powers & Archibald and Madigan & Madigan,* for plaintiff.

*Ira G. Hersey and Geo. H. Smith,* for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

WHITEHOUSE, J. This is an action to recover tuition for three pupils living in the defendant town and attending Ricker Classical Institute.

Section 63 of chapter 15 of the Revised Statutes provides that "Any youth who resides with a parent or guardian in any town which does not support and maintain a free high school giving at least one four year's course properly equipped and teaching such subjects as are taught in secondary schools of standard grade in this state, may, when he shall be prepared to pursue such four year's course, attend any school in the state which does have such a four year's course and to which he may gain entrance by permission of those having charge thereof, provided said pupil shall attend a school or schools of standard grade which are approved by the State Superintendent of public schools. In such case the tuition of such youth, not to exceed thirty dollars annually for any one youth, shall be paid by the town in which he resides as aforesaid; and towns shall raise annually, as other schools moneys are raised, a sum sufficient to pay such tuition charges."

It is admitted in the agreed statement of the parties that at the time the pupils for whose tuition this suit is brought were attending the plaintiff Institute the defendant town was not maintaining such a school as is mentioned in the statute; that the Ricker Classical Institute was such a school; that the pupils named in the plaintiff's writ were residing in the defendant town with their parents; that they gained entrance to the plaintiff Institute by permission of those having that school in charge; that the tuition sued for in the writ is reasonable and the ordinary charge and that the same has not been paid.

It is not controverted by the defendant town that the permission given by those having the plaintiff Institute in charge for the admission of the pupils to that school was evidence that the pupils were "prepared to pursue such four year's course," sufficient to establish the liability of the defendant town to pay their tuition to the party

legally entitled to bring suit therefor.    But it is contended in behalf of the defendant that under the statute in question the action to recover the tuition in such cases must be brought in the name of the parent or guardian, and that this action brought directly in the name of the Institute, to recover the aggregate sum due for the tuition of all the pupils residing in that town who attended the plaintiff school, cannot be maintained.    This is the only ground of defense interposed by the defendant town.

It is the opinion of the court that this contention cannot be sustained.    The statute declares that "The tuition of such youth . . . . . shall be paid by the town in which he resides."    It is true that the statute fails to specify the remedy that shall be employed to compel the performance by the town of this statutory duty. . It does not prescribe whether an action may be brought in the name of the parent or guardian of the pupil, or of the school which he attends. But it is a familiar principle that whenever a statute gives a right, the party shall by consequence have an action to enforce it.    *Stearns* v. *At. & St. L. R. R. Co.,* 46 Maine, 115.    "It is a vain thing," say the court in that case, "to imagine a right without a remedy, for want of right and want of remedy are reciprocal."    In *Farwell* v. *Rockland,* 62 Maine, 296, it was held that an action of assumpsit was maintainable against the City of Rockland by the judge of the police court of that city for his salary though he had no contract with the city and no right of action was expressly given by statute.    So in *Rackliff* v. *Greenbush,* 93 Maine, 99, under a statute (sects. 65 & 66, ch. 4, R. S.) providing that the municipal officers of the town in which an honorably discharged soldier resides at the time of his death, "shall pay the expenses of his burial," if he was in destitute circumstances at the time of his decease, it was held that the plaintiff, an undertaker, could maintain an action of assumpsit against the defendant town to recover the expenses incurred by him for the burial of such a deceased soldier, although the plaintiff was not expressly authorized by the municipal officers to incur the expense and no right of action was expressly given by the statute.

In the case at bar, however, it is suggested that prior to the enactment of the statute in question, the tuition of pupils admitted

to free high schools, under similar circumstances, was paid by the parents or guardians, and that it was not the design of the statute to make any change in the relation between the pupil and school respecting the method of payment, but to provide that the town should reimburse the parent or guardian for the tuition paid by him.

It should be a sufficient answer to this suggestion, however, that the statute says that the town shall pay the tuition, and does not say that it shall reimburse the parent or guardian for paying it. Under the statute the school is entitled to tuition for the instruction furnished, and the town is expressly required to pay for it.

It would seem to be the more reasonable and natural construction of the statute to hold that the legislature intended to establish the relation of debtor and creditor between the town and the school, and to require the town to pay the tuition directly to the school that rendered the service. By this direct method also the superfluous payment by the parent or guardian in the first instance and the multiplicity of suits that might be required to obtain reimbursement for several pupils in the same town, are both avoided, and the entire amount due from a town as tuition for all its pupils attending the same school may be collected in a single suit.

The entry must accordingly be

*Judgment for plaintiff for fifty-five 50-100 dollars with interest from the date of the writ.*